IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFORRORORA LOCUST, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM MANNING, JR.; | ) |
| | ) |
| THOMAS J. WHITE | ) |
| | ) |
| WILLIAM A. ALLEN, JR.; | ) |
| | ) |
| WHITE & ALLEN; | ) |
| | ) |
| JOHN GRADY; | )     Case No. 1:08-cv-00414 |
| | ) |
| LENOIR COUNTY | ) |
| 130 South Queen Street | ) |
| Kinston, NC 28501 | ) |
| | ) |
| JOYCE GRADY; | ) |
| | ) |
| CITY OF KINSTON; and | ) |
| | ) |
| ELAINE MARSHALL, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

### DEFENDANT LENOIR COUNTY,
### NORTH CAROLINA'S MOTION TO DISMISS

    COMES NOW Defendant Lenoir County, North Carolina ("Lenoir County"), by counsel,

pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), and moves this Court to

dismiss this action for lack of personal jurisdiction and improper venue. The arguments in

support of this Motion are set forth in the Statement of Points and Authorities filed

contemporaneously herewith.

LENOIR COUNTY, NORTH CAROLINA


By:_____/s/_____
    Kelvin L. Newsome (D.C. Bar No. 439206)
    LeClairRyan
    999 Waterside Drive, Suite 2525
    Norfolk, Virginia 23510
    Telephone:  (757) 441-8938
    Facsimile:  (757) 441-8988
    knewsome@leclairryan.com

    Megan S. Ben'Ary (D.C. Bar No. 493415)
    LeClairRyan
    225 Reinekers Lane, Suite 700
    Alexandria, Virginia 22314
    Telephone:  (703) 684-8007
    Facsimile:  (703) 684-8075
    mbenary@leclairryan.com

    *Counsel for Lenoir County, North Carolina*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DEFORRORORA LOCUST,                          )
                                             )
         Plaintiff                           )
                                             )
v.                                           )
                                             )         Case No. 1:08-cv-00414
WILLIAM MANNING, JR. *et*                    )
*al.*,                                       )
                                             )
         Defendants.                         )
                                             )

### DEFENDANT LENOIR COUNTY, NORTH CAROLINA'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Lenoir County, North Carolina ("Lenoir County"), by counsel, and submits this Statement of Points and Authorities in support of its Motion to Dismiss.

### PRELIMINARY STATEMENT

Plaintiff Deforrorora Locust, proceeding *pro se*, has filed a rambling 45-page Complaint against Lenoir County and several other parties. He alleges misconduct related to certain real estate that is the subject of a state-court tax foreclosure action. The property lies in the City of Kinston, which is in Lenoir County, North Carolina. Although the Complaint is difficult to follow, one thing is clear: this case has nothing to do with the District of Columbia. It is brought by a North Carolina resident against two North Carolina localities and several other North Carolina residents. It arises out of incidents that occur entirely in North Carolina. And it involves real estate located in North Carolina.

Plaintiff evidently brings the action in this Court because of difficulties he has had with his local federal court, the Eastern District of North Carolina.[1] Because, however, there is no

---

[1] Referring to another matter he filed, a prisoner's suit, Plaintiff claims that "US District court clerk in Raleigh north carolina clerk office defraud me out of the fileing [sic] fee pretending I never pain fee which I paid." (Cplt. at 26).

*(note continued on following page . . .)*

basis for personal jurisdiction or venue in this Court, Lenoir County respectfully requests that the matter be dismissed.

## STATEMENT OF ALLEGED FACTS

Plaintiff resides in Kinston, North Carolina. The Complaint involves property at 1410 and 1412 Parker Avenue, Kinston, North Carolina (the "Property"). The parcel at 1410 Parker Avenue is the subject of a state-court tax foreclosure suit in Lenoir County, North Carolina. Plaintiff appears to have brought this lawsuit to protest the state-court tax action.

The ownership history of the Property is the central theme of the Complaint. Plaintiff recites a convoluted story of how he was promised this Property in a will but then deprived of his inheritance by the fraudulent conduct of third parties (most of whom are not defendants in this suit). Thus, Plaintiff claims that one of his elderly relatives, Sellie Locust ("Sellie"), owned the Property. (Cplt. at 5). Plaintiff asserts that in 1989, Sellie executed a will devising the Property to him. (Cplt. at 6). Sellie died in 1990. (Cplt. at 10). The Complaint alleges that—shortly before Sellie's death—Sellie's brother, Richard D. Locust ("Richard"), concocted an elaborate scheme to cheat Plaintiff out of this inheritance. (Cplt. at 11-16). Plaintiff claims that in October 1989, Richard conspired with the owner of a local funeral home, Stephen Carraway, to trick Sellie into signing a will that devised the Property to Richard. (Id.) Plaintiff thus alleges that Sellie's will was "forged." (Cplt. at 15).

---

(. . . note continued from previous page)

Plaintiff has, over the years, filed several actions in the Eastern District of North Carolina, all of which have been involuntarily dismissed. See Locust v. Perry, Case No. 4:02-cv-00018-H (E.D.N.C.) (dismissed on Mar. 29, 2002); Locust v. City of Greenville, North Carolina, Case No. 4:02-cv-00113-H (dismissed on Oct. 1, 2002); Locust v. French, Case No. 5:99-ct-00376-BO (E.D.N.C.) (dismissed on Nov. 8, 1999); Locust v. Phillips, Case No. 5:95-ct-00729-H (dismissed on June 21, 1996); Locust v. North Carolina Dept. of Corrections, Case No. 5:95-ct-00731-BO (dismissed on May 14, 1996); Locust v. Smith, Case No. 4:95-cv-00038-BO (E.D.N.C.) (dismissed on July 20, 1995).

It appears from the Complaint that some of the Property was devised to Richard. Richard, however, never resided in either parcel. (Cplt. at 10). Nor did he pay taxes on them. (Id.). Richard died in 1993. (Id.)

The Complaint describes—in a fragmentary fashion—Plaintiff's various disputes with persons concerning the Property. These include several run-ins with law enforcement in North Carolina. Plaintiff claims that he was "unlawfully unwilling incarcerated starting 1994 to 1999" because he saw City and County personnel "ramshacking" his home and purloining deeds and tax files. (Cplt. at 17). Plaintiff recites the time he served in local jails and prisons during this period—although he fails to explain for what offenses he was incarcerated. (Cplt. 18-29). He recounts certain abuse he claims he suffered at the hands of law enforcement and other inmates while imprisoned in North Carolina, which he attributes to his unwillingness to abandon the Property. (Cplt. at 26-27).

The Complaint also alleges that while Plaintiff was in prison, a Kinston attorney, Dal F. Wooten, took items from the Property in a U-Haul truck and set the Property on fire. (Cplt. 30). Plaintiff claims that "Wooten is the secret owner of my two property," is a "caucain [sic] male homosexual," and that the "Secretary of State saw all." (Cplt. 29). The Complaint asserts that this was all part of a scheme by the County to acquire the property for use in building a school and for use in the Global TransPark ("GTP"), a local economic-development project. (Cplt. 29).

Finally—and this appears to be the event precipitating the current lawsuit—Plaintiff claims that county tax officials have attempted to sell the Property for failure to pay property taxes. In 2007, he sent in a "large payment" that was to be applied "toward" his property tax. (Cplt. at 9). In response, county officials sent him a copy of a tax-foreclosure suit brought against the parcel at 1410 Parker Avenue, and told him to contact the attorney handling the suit,

3

William Manning, Jr.—also a named defendant in the present case. (Id.). A copy of the Complaint in that action, dated March 23, 2007, is attached hereto as Exhibit 1. It names Lewis Christmas Locust as the record owner of 1410 Parker Avenue. A default judgment was entered in the case on November 8, 2007, and the property was ordered to be sold to satisfy the outstanding tax indebtedness. A copy of the Default Judgment and Order of Sale is attached hereto as Exhibit 2.

When Plaintiff requested further information about this suit, a county official sent Plaintiff a copy of a November 18, 2005 notice sent to Richard Locust (by then, deceased). (Cplt. at 9). A copy of the October 9, 2007 letter from the tax department—which enclosed the November 18, 2005 letter to Richard Locust—is attached hereto as Exhibit 3. The October 9, 2007 letter also stated that a title search revealed that Lewis Christmas Locust is now the record owner of 1410 Parker Avenue.

Plaintiff complains vigorously that Richard had no "ownership" of the property and did not pay taxes on it. (Cplt. at 9.) The real gist of the Complaint appears to be that the County cannot foreclose on the Property because it never belonged to Richard or his heirs.

Pertinent here, however, none of the above events is alleged to have taken place in the District of Columbia. None of the named defendants is alleged to reside in the District of Columbia. And none of the named defendants is alleged to have had any continuous and systematic contacts within the District of Columbia.

ARGUMENT

I.    **THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.**

In a Rule 12(b)(2) motion, the Plaintiff bears the burden of establishing personal jurisdiction over each individual defendant. See Moore v. Motz, 437 F. Supp. 2d 88, 90-91

(D.D.C. 2006). To meet this burden, he must allege specific facts that support personal jurisdiction. Id. And he must satisfy both the long-arm statute of the District of Columbia and constitutional due process requirements. Johnson v. Long Beach Mortgage Loan Trust 2001-4, 451 F. Supp. 2d 16, 28 (D.D.C. 2006); Marshall v. Labor & Indus., 89 F. Supp. 2d 4, 8-10 (D.D.C. 2000).

A Court can acquire jurisdiction over a party if the defendant's contacts with the forum are related to the transaction at issue in the lawsuit ("specific *in personam* jurisdiction") or if the defendant's overall contacts with the forum are sufficiently pervasive to justify jurisdiction ("general *in personam* jurisdiction"). Johnson, 451 F. Supp. 2d at 28. In the present case, Defendant cannot establish personal jurisdiction under either of these analyses.

A.    **There is no specific *in personam* jurisdiction because none of the events alleged in the Complaint occurred in the District of Columbia.**

To begin, Plaintiff cannot establish **specific** *in personam* jurisdiction over Lenoir County because he does not satisfy the District of Columbia's long-arm statute or constitutional principles of due process.

Under the District of Columbia's long-arm statute, a court has jurisdiction over claims arising from a person's: (1) transacting business in the District, (2) contracting to supply services in the District, (3) causing tortious injury within the District by an act or omission in the District, (4) causing tortious injury in the District—even if acting outside the District—where the defendant regularly conducts business within the District, or (5) having an interest in, using, or possessing real property in the District of Columbia. D.C. Code § 13-423(a).

Plaintiff cannot satisfy the long-arm statute because none of the claims in the Complaint arises out of activities by Lenoir County encompassed by § 13-423(a). Plaintiff does not allege that Lenoir County transacted business in the District. He does not allege that Lenoir County

contracted to supply services in the District.  He does not allege that Lenoir County tortiously

caused him injury within the District.  And he does not allege that Lenoir County has an interest

in any real property in the District. In fact, none of the allegations in the Complaint has anything

to do with the District of Columbia.  Because he cannot satisfy the District's long-arm statute,

there is no basis for specific *in personam* jurisdiction over Lenoir County.  See Moore v. Motz,

437 F. Supp. 2d 88 (D.D.C. 2006) (dismissing *pro se* complaint for failure to satisfy the

District's long-arm statute, noting that "plaintiff alleges no involvement with the District of

Columbia whatsoever.").

Nor does plaintiff satisfy constitutional due process standards.  In order for a court to

assert jurisdiction over a non-resident defendant, the defendant must "have certain minimum

contacts with the forum such that the maintenance of the suit does not offend traditional notions

of fair play and substantial justice." Johnson, 451 F. Supp. 2d at 28 (quoting International Shoe

Co. v. Washington, 326 U.S. 310, 316 (1945)).  Specifically, the defendant must purposefully

avail itself of the benefits and protections of the laws of the forum state such that it would

reasonably anticipate being haled into court there.  NAWA USA, Inc. v. Bottler, 533 F. Supp. 2d

52, 2008 U.S. Dist. LEXIS 7577, at *6 (D.D.C. 2008) (citing Asahi Metal Indus. v. Super. Ct. of

Cal., 480 U.S. 102, 109 (1988) and World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286,

297 (1980)).

Where specific *in personam* jurisdiction is at issue, the minimum-contacts inquiry

focuses on the relationship between the defendant, the forum, and the litigation.  Helicopteros

Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414 (1984) ("When a controversy is related

to or 'arises out of' a defendant's contacts with the forum, the Court has said that a 'relationship

among the defendant, the forum, and the litigation' is the essential foundation of *in personam* jurisdiction.") (citing Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).

A court may not exercise personal jurisdiction over a non-resident defendant where doing so would offend "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. In undertaking this inquiry, the court looks at:

> "[T]he burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies."

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985) (citing World-Wide Volkswagen Corp., 444 U.S. at 292).

In the present case, Plaintiff does not allege any contacts whatsoever between Lenoir County and the District of Columbia. He certainly has not alleged facts showing that Lenoir County has "purposefully availed" itself of the benefits and protections of the laws of District of Columbia with respect to the events giving rise to this suit. Given the facts alleged in the Complaint, it would not be reasonable for Lenoir County to expect to be haled into court in the District of Columbia to defend a suit by Plaintiff. It would, in fact, offend traditional notions of fair play and substantial justice for this Court to exercise jurisdiction. Doing so would place an inordinate burden on the County and its agents. They all reside in North Carolina. All the events related in the Complaint took place in North Carolina. And all of the witnesses to those events reside in North Carolina. Plaintiff, for his part, can obtain more convenient and effective relief in a North Carolina court. For all these reasons there is no constitutional basis for specific *in personam* jurisdiction over the County.

B.    **There is no general *in personam* jurisdiction over the County because neither the County nor any other Defendant had continuous and systematic contacts with the District of Columbia.**

Plaintiff also cannot establish **general** *in personam* jurisdiction.  Unlike specific *in personam* jurisdiction, the contacts supporting general *in personam* jurisdiction need not relate to the claim in question.  But under both the District of Columbia's long-arm statute and federal constitutional standards, those general contacts must be extensive and pervasive—a standard that Plaintiff cannot meet.

To begin, for general *in personam* jurisdiction to attach under D.C. Code § 13-422, a person must be "domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia."  Obviously, Lenoir County, North Carolina is not domiciled in or organized under the laws of the District of Columbia.  Nor does plaintiff allege that the District of Columbia is its principal place of business.  Because Plaintiff cannot satisfy the long-arm statute, there is no general *in personam* jurisdiction.

Plaintiff also fails the constitutional test for general *in personam* jurisdiction.  Under settled law, where a plaintiff's claims do not arise out of defendant's contacts with the forum, those contacts must be "continuous and systematic" to subject the defendant to the jurisdiction of the forum state.  <u>Helicopteros Nacionales de Columbia</u>, 466 U.S. at 416.  Plaintiff does not allege any continuous and systematic contacts between Lenoir County and the District of Columbia.  In fact, he alleges no contacts whatsoever.  Thus, there is absolutely no basis for general *in personam* jursidiction.

\*       \*       \*

This suit is by and between North Carolina residents and arises entirely out of incidents that are alleged to have occurred in North Carolina.  It would violate both District of Columbia

8

law and constitutional principles of due process to force Lenoir County to defend the case in this

Court. Accordingly, the matter should be dismissed for lack of personal jurisdiction.

## II.    VENUE DOES NOT LIE WITHIN THE DISTRICT OF THE DISTRICT OF COLUMBIA.

Alternatively, this Court should dismiss the case for improper venue.

28 U.S.C. § 1391(b) governs issues relating to choice of venue in non-diversity cases. Under this

provision, venue lies where the defendants reside, where "a substantial part of the events or

omissions giving rise to the claim occurred," or where "a substantial part of the property that is

the subject of the action is situated." In the present case, none of the defendants resides in the

District of Columbia—they all reside in North Carolina. None of the events giving rise to

Plaintiff's claims occurred in the District of Columbia—they all occurred in North Carolina.

And the property in question does not lie in the District of Columbia—it is located in Kinston,

North Carolina. Venue therefore does not lie in this District. Because venue is improper, the

Court should dismiss this action pursuant to Rule 12(b)(3).

CONCLUSION

Because the Complaint fails to allege facts that support personal jurisdiction or venue in

this Court, Defendant Lenoir County, North Carolina respectfully requests that this Court dismiss

the Complaint pursuant to Rules 12(b)(2) and 12(b)(3).

LENOIR COUNTY, NORTH CAROLINA


By:_____/s/_____
     Kelvin L. Newsome (D.C. Bar No. 439206)
     LeClairRyan
     999 Waterside Drive, Suite 2525
     Norfolk, Virginia 23510
     Telephone: (757) 441-8938
     Facsimile: (757) 441-8988
     knewsome@leclairryan.com

Megan S. Ben'Ary (D.C. Bar No. 493415)
LeClairRyan
 225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Telephone:  (703) 684-8007
Facsimile:  (703) 684-8075
mbenary@leclairryan.com

*Counsel for Lenoir County, North Carolina*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2008, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed the document by U.S. mail, postage prepaid, to the following non-filing users:

> William Manning, Jr.
> 106 South McLewean Street
> P.O. Box 3169
> Kinston, NC 28501

> White & Allen, P.A.
> 106 South McLewean Street
> P.O. Box 3169
> Kinston, NC 28501

> John Grady
> 101 N. Queen Street
> Kinston, NC 28501

> Lenoir County
> 130 S. Queen Street
> Kinston, NC 28501

> Joyce Grady
> Lenoir County Tax Department
> 101 N. Queen Street
> Kinston, NC 28501

> City of Kinston
> 207 E. King Street
> Kinston, NC 28502

> Elaine Marshall
> Secretary of State
> P.O. Box 29626
> Raleigh, NC 27626

Upon information and belief, the following individuals are deceased and thus have not been served:

> Thomas J. White, Jr.

> William A. Allen, Jr.

_____
/s/
Megan S. Ben'Ary

11

File #07-CvD-__

NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE

2001 MAR 23  ⏵ 1: 55

LENOIR COUNTY                              DISTRICT COURT DIVISION

COUNTY OF LENOIR and         )
CITY OF KINSTON,             )
    Plaintiffs,             )
                             )
  vs.                        )        COMPLAINT
                             )
LEWIS CHRISTMAS LOCUST;      )
SPOUSE OF LEWIS CHRISTMAS    )
LOCUST (if any),             )
    Defendants.             )

       NOW COME Plaintiffs, complaining of Defendants, and allege and say:

       1.   That each of the Plaintiffs is a duly constituted and authorized taxing unit under Articles 11 through 30 of Chapter 105 of the North Carolina General Statutes, having specific authority to levy ad valorem taxes on the real property described herein.

       2.   That Defendant, Lewis Christmas Locust, duly listed for taxes the real property hereinafter described for the years hereinafter set forth or the real property was lawfully listed for taxation for those years on behalf of said Defendant, and Plaintiffs lawfully assessed the real property and levied taxes thereon for those years.

       3.   That as of the date of the institution of this action, the records in the office of the Register of Deeds of

WHITE & ALLEN, P.A.
ATTORNEYS AT LAW
KINSTON, N.C.

EXHIBIT
1

Lenoir County indicate that Defendant, Lewis Christmas Locust, is the owner of the real property described as follows:

Lying and being in, "Harvey Town", Kinston Township, and more particularly described as follows:

BEGINNING at an iron stake on the Avenue (Main Street), at the southeastern corner of the lot conveyed to James Graham, by Frank Faison, on April 17th, 1934, and runs thence about West, with the line of said James Graham, 399 feet to the Atlantic Coast Line Railroad right of way; thence southwestwardly with the Atlantic Coast Line Railroad right of way 165 feet to an iron stake; thence about East 399 feet to an iron stake on the Avenue (Main Street); thence northeastwardly with the Avenue (Main Street); 165 feet to the beginning.

The above tract of land is the identical tract of land described in deed recorded in Book 359, Page 191.

Lenoir County Tax Parcel No. 4525 0779 1820

Property Address: 1410 Parker Street, Kinston, NC

4.    That the following Defendants, if any, have a lien against the real property described above by virtue of the following liens recorded in the public records of Lenoir County:

(a)    None.

5.    That there are due and owing to Plaintiffs taxes which have been duly assessed and levied and which, by operation of §§ 105-355 and 105-356 of the General Statutes of North Carolina, constitute a first lien against the real property hereinabove described.

2

6.    That the amount of the lien including interest thereon as computed under the provisions of N.C.G.S. §105-360, for each of the years indicated is set out below:

| Year | Amount |
|------|--------|
| 1999 | $24.34 |
| 2000 | $251.87 |
| 2001 | $307.27 |
| 2002 | $288.67 |
| 2003 | $280.25 |
| 2004 | $260.93 |
| 2005 | $244.23 |
| 2006 | $230.69 |

7.    That in addition to the principal and interest amount set forth in Paragraph 6 above, advertising costs in the amount of $2.00 for each of the years for which taxes are owed are also due and owing to Plaintiffs and constitute a part of the first lien against the real property hereinabove described.

8.    That all of such taxes remain due and owing to Plaintiffs, although demand has been made for the payment thereof.

9.    That taxes for subsequent years may accrue or come due upon the real property hereinabove described before the termination of this action; that such subsequently accruing taxes will also constitute a lien upon the real property; that Plaintiffs will present to the Court the certificate of the Tax Collector for Lenoir County with respect to such taxes at the time judgment is prayed herein and will request that subsequent taxes be included in the judgment.

3

10.    That in the event that payment of taxes is tendered before the judgment of sale is confirmed, Defendants are given notice that before this action is dismissed, the costs of this action must be paid, including attorney's fees, and that Defendants have a right to a hearing before the Court on the amount of attorney's fees.

WHEREFORE, Plaintiffs pray the Court as follows:

1.    That Plaintiffs have and recover judgment against the owners of the real property described in Paragraph 3 of this Complaint for the amount of taxes, interest, and advertising costs due them as set forth above, plus any subsequently accruing taxes and penalties, interest, and costs thereon as allowed by law, plus the costs of this action, including attorney's fees in the amount of SEVEN HUNDRED FIFTY AND NO/100 DOLLARS ($750.00) to be collected by the Clerk of Court as part of the court costs; that said taxes, interest, and costs be declared a first lien upon the real property described in Paragraph 3 of this Complaint.

2.    That a Commissioner be appointed to sell the real property described in Paragraph 3 of this Complaint after due advertisement in accordance with the law and under the direction of this Court, and to deliver to the purchaser at such sale a deed to the real property in fee simple, free and clear of all encumbrances.

3.    That the interests and the equities of redemption of Defendants in the real property described in Paragraph 3 of this Complaint be forever barred and foreclosed.

4.    That the Commissioner be ordered to pay from the proceeds of said sale the taxes, interest, and costs due Plaintiffs, together with the costs of this action, and to pay

4

the surplus, if any, to such parties as may be entitled thereto or pay it into the Lenoir County Clerk of Superior Court for the benefit of said parties.

    5.   For such other and further relief as to the Court may seem just and proper.

    This 22nd day of ___March___, 2007.

          William E. Manning, Jr.
          Attorney for Plaintiffs
          WHITE & ALLEN, P.A.
          Attorneys at Law
          P. O. Box 3169
          Kinston, N.C.  28502-3169
          Tel.: (252) 527-8000
          N.C. State Bar #18307

WEM/rnh #1
091844 00156

WHITE & ALLEN, P.A.
ATTORNEYS AT LAW
KINSTON, N.C.

STATE OF NORTH CAROLINA

COUNTY OF LENOIR

       JOYCE GRADY, being duly sworn, deposes and says that she is the Tax Collection Supervisor for the plaintiff taxing units in the above-entitled action; that she has read the foregoing Complaint and knows the contents thereof; and that the same is true of her own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters she believes them to be true.


                _____
                Joyce Grady, Tax Collection Supervisor

Sworn to and subscribed before me,
this 22nd day of March, 2007.

_____
        Notary Public

Lottie Robinson Pickett
_____
    Printed Name of Notary Public

My Commission expires: 8-3-2008

WEM/rnk #1
091844-00156

6

WHITE & ALLEN, P.A.
ATTORNEYS AT LAW
KINSTON, N.C.

**FILED**     File #07-CvD-419

NORTH CAROLINA     2007 NOV -8  A 9:16 THE GENERAL COURT OF JUSTICE

LENOIR COUNTY     LENOIR COUNTY, C.S.C.  DISTRICT COURT DIVISION

BY_____

COUNTY OF LENOIR and          )
CITY OF KINSTON,              )
    Plaintiffs,          )          DEFAULT JUDGMENT
                        )                AND
    vs.                 )          ORDER OF SALE
                        )
LEWIS CHRISTMAS LOCUST;        )
SPOUSE OF LEWIS CHRISTMAS      )
LOCUST (if any),              )
    Defendants.          )


    THIS MATTER coming on to be heard and being heard by
the undersigned Clerk of Superior Court of Lenoir County, and
it appearing to the Court that this is an action for the
foreclosure of the lien for taxes due the Plaintiffs upon real
property described in the Complaint, and it further appearing
to the Court that Plaintiffs, at the time of the institution
of this action, filed a Complaint setting out the amount of
their tax lien against the real property, and now file a
proper certificate showing the amount of taxes that have
subsequently accrued against the real property, as authorized
by Section 105-374(e) of the General Statutes; and it further
appearing that the Defendant, Lewis Christmas Locust, has been
properly served and that the time for answering the Complaint
has expired, and that the Defendant, Lewis Christmas Locust,
has not filed any answer or other pleading to this action, and
that Lewis Christmas Locust has no living spouse.

WHITE & ALLEN, P.A.
ATTORNEYS AT LAW
KINSTON, N.C.


EXHIBIT
2

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. That Plaintiffs have a first and prior lien upon the parcel or tract of real property described below for taxes for the following years and in the following amounts, together with costs of this action:

| YEAR | COUNTY and CITY (including interest and lien cost) |
|------|------|
| 1999 | $ 25.22 |
| 2000 | $261.47 |
| 2001 | $319.67 |
| 2002 | $301.07 |
| 2003 | $293.13 |
| 2004 | $273.81 |
| 2005 | $257.27 |
| 2006 | $246.21 |
| 2007 | $222.89 |

| | |
|------|------|
| Total Taxes, Interest, and Lien Cost | $2,200.74 |
| Attorney's Fees | $750.00 |
| Court Costs and Service Fee | $125.00 |
| Certified Mail Fee | $9.76 |

2. That the real property upon which this judgment is a lien is located in Lenoir County, North Carolina, and is more particularly described as follows:

Lying and being in, "Harvey Town", Kinston Township, and more particularly described as follows:

BEGINNING at an iron stake on the Avenue (Main Street), at the southeastern corner of the lot conveyed to James Graham, by Frank Faison, on April 17th, 1934, and runs thence about West, with the line of said James Graham, 399 feet to the Atlantic Coast Line Railroad right of way; thence southwestwardly with the Atlantic Coast Line

2

Railroad right of way 165 feet to an iron stake; thence about East 399 feet to an iron stake on the Avenue (Main Street); thence northeastwardly with the Avenue (Main Street); 165 feet to the beginning.

The above tract of land is the identical tract of land described in deed recorded in Book 359, Page 191.

Lenoir County Tax Parcel No. 4525 0779 1820

Property Address: 1410 Parker Street, Kinston, NC.·

3.     That all right, title, and interest of the Defendant, Lewis Christmas Locust, in and to the real property is hereby barred and forever foreclosed, except as to any rights to redeem before confirmation of the sale and to participate in the distribution of any surplus resulting from the sale herein authorized in accordance with his or her relative claims thereto.

4.     That William E. Manning, Jr. is appointed Commissioner to sell the real property at public auction for cash to the highest bidder, at the courthouse door in Lenoir County, after first posting notice of the sale at the courthouse in Lenoir County for twenty (20) days preceding the sale, and also advertising once a week for two (2) successive weeks in a newspaper qualified for legal advertising published in Lenoir County; and the Commissioner shall sell the real property free and clear of all interests, rights, claims, and liens whatever except ad valorem taxes the amount of which cannot be determined and the taxes and assessments of taxing units not parties to this action; and the Commissioner shall, within three days after the sale, make a report thereof to this Court. A cash deposit of twenty percent (20%) of the highest bid, or $750.00, whichever is greater, shall be

3

required on the sale at public auction unless the highest bid is by a taxing unit; then a deposit shall not be required.

5.    That after delivery of the deed and collection of the purchase price, the Commissioner shall apply the proceeds as provided by law.

6.    That a reasonable Commissioner's fee not to exceed five percent (5%) of the purchase price be awarded to the Commissioner.

7.    In the first January following each year in which taxes are not paid, interest in the amount of two percent (2%) of the unpaid taxes is assessed on the unpaid balance.  So long as the taxes remain unpaid, an additional three-fourths percent (3/4%) interest on the unpaid balance is added on the first day of each month.  To wit, following the first January, interest accrues at the rate of nine percent (9%) per annum.

8.    That the costs of this action are to be recovered by the Plaintiffs.

And this cause is retained for further orders.

This ___8___ day of __November__, 2007.

_____
Clerk of Superior Court of Lenoir County

WEM/lrp #10
091844 00156

4

# County of Lenoir

Office of the
Tax Administrator

Drawer 3289
Kinston, N.C. 28502

October 9, 2007

Elder Deforrora Locust
1410 Parker Street
Kinston, NC 28501

Re: Parcel # 452507791820    1410 Parker Street

Dear Mr. Locust:

I am writing in response to your letter dated 10-6-07 that was received by the Lenoir County Tax Department today. Our records show that a letter demanding payment in full of all delinquent property taxes on the above referenced property was mailed to: Richard Locust, 1006 E. Lawson St, Durham, NC on November 18, 2005. I have enclosed a copy of that letter. Having received no response, foreclosure proceedings have begun on 1410 Parker St, Kinston. The title search that was completed on the property does not show you as having any legal ownership of the property. Results of the title search show that the owner is Lewis Christmas Locust. At this time, White & Allen Law Firm is continuing with the foreclosure proceedings on behalf of the Lenoir County Tax Department. If you would like to pay the delinquent taxes and legal fees that have been incurred, please contact Ned Manning at White & Allen (527-8000). Please note that the payment of the delinquent taxes will have no bearing on the legal ownership of the property.

In regards to 1412 Parker Street, our records show that property is owned by "Sellie Locust Heirs", and the notices are sent to you at 1410 Parker Street. At this time, the outstanding taxes owed on this property total $445.04 (2005, 2006 & 2007 taxes) These taxes also need to be paid to avoid foreclosure proceedings.

I hope that I have answered your questions concerning 1412 and 1410 Parker Street, Kinston. Please advise if you need more information.

Sincerely,

Joyce Grady
Joyce Grady
Tax Collector Supervisor
Lenoir County Tax Department
Phone (252)527-7174 Ext 221

cc: Ned Manning @ White & Allen



EXHIBIT
3

91844156

**White & Allen, P.A.**
Attorneys at Law
Post Office Box 3169
Kinston, North Carolina 28502-3169

William E. Manning, Jr.

106. S. McLewean Sreet
Telephone (252) 527-8000
Telecopier (252) 527-8128
E-mail:wem@whiteandallen.com

November 18, 2005

Richard D Locust
1006 E Lawson Street
Durham NC 27701

Re: Claim of County of Lenoir in amount of $1,291.25.
Real Property Taxes, Lien Costs, Interest and Attorney's Fees

Parcel:   452507791820   1410 Parker Street

Dear Mr. Locust:

I represent the Tax Collector for the County of Lenoir. My client has instructed me to demand that full payment of past due property taxes in the total amount shown above be made within 30 days following the date of this letter. Should you have any question regarding this amount or your responsibility for these taxes, you may telephone Mrs. Joyce Grady, Deputy Tax Collector for the County of Lenoir, at (252) 527-7174, ext.221.

PLEASE NOTE that should you fail to fully pay the total amount shown within 30 days of the date of this letter, I am prepared to take action to seek a court order allowing foreclosure of the property and sell it at public auction to collect all monies due the County of Lenoir from you.

Additional interest will be added to the above amounts as provided by law if payment is not made before the first day of next month. In addition, upon filing of any lawsuit required to collect these taxes, the sum of $750.00 will be added for attorney's fees as a cost of collection if the full amount of taxes, lien costs and interest is not paid prior to filing of this lawsuit. The taxes, plus all interest and costs that may accrue, constitute a first lien on the following real estate:

The following information is provided to you pursuant to the Fair Debt Collection Practices Act (15 U.S.C. 1692g):

1.   The name of the creditor or other entity to whom the debt is owed is Lenoir County.
2   The amount due on the debt at this time is is shown on the attached sheet.

3.    Unless you dispute the validity of this debt or any portion thereof within thirty (30) days of the date of this letter, I will assume that the debt is valid.

4.    If, within thirty (30) days after you have received this notice, you notify me, in writing, that the debt, or any portion thereof, is disputed, I will obtain verification of the debt and mail a copy of that verification to you.

PLEASE NOTE that the right to dispute this debt or to receive further information regarding the debt within the next thirty (30) days **WILL NOT STOP** further efforts at collection during that time.

You may contact Mrs. Grady at the County Tax Office within the time set out hereinabove to pay this obligation.  If no response is received within that time, I shall draft lawsuit papers for filing, without further notice to you, seeking to foreclose and collect the amounts due my client, plus court costs, interest, and attorney's fees.  If you no longer own this real property, please contact my office and tell me who you believe is responsible for paying the taxes thereon.

Very truly yours,

William E. Manning Jr.
Attorney for the County of Lenoir
Tax Collector

cc  Lenoir County Tax Collector

LENOIR COUNTY TAX COLLECTOR
P.O. DRAWER 3289
KINSTON, N.C. 28502
PHONE: (252) 527-7174

INTEREST FIGURED TO THIS
DATE ONLY. INTEREST, BY
LAW, CHANGES ON THE 1ST
DAY OF EACH MONTH.

## TAX REPORT

TAX RECORDS SHOW THE FOLLOWING PROPERTY WITH TAXES DUE FOR THE
YEAR(S) INDICATED.

LOCUST RICHARD D

1006 E LAWSON ST
DURHAM NC                27701

DATE:11162005
ACCOUNT NUMBER:   18365
RECORD  NUMBER:   10338

| YEAR CTY TWP | RECORD | PROPERTY DESCRIPTION PARCEL ID NUMBER | PRINCIPAL AMOUNT | LIEN COST | INTEREST | AMOUNT DUE |
|---|---|---|---|---|---|---|
| 1999 56 104 | 73468 | 1410 PARKER STREET 452507791820 | 14.41 | 0.19 | 7.98 | 22.58 |
| 2000 56 104 | 76104 | 1410 PARKER STREET 452507791820 | 157.95 | 2.00 | 72.72 | 232.67 |
| 2001 56 104 | 79324 | 1410 PARKER STREET 452507791820 | 205.09 | 2.00 | 75.38 | 282.47 |
| 2002 56 104 | 86029 | 1410 PARKER STREET 452507791820 | 205.09 | 2.00 | 56.78 | 263.87 |
| 2003 56 104 | 94456 | 1410 PARKER STREET 452507791820 | 212.83 | 2.00 | 39.66 | 254.49 |
| 2004 56 104 | 119571 | 1410 PARKER STREET 452507791820 | 212.83 | 2.00 | 20.34 | 235.17 |

CURRENT AMOUNT DUE ---------------------- 1291.25

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DEFORRORORA LOCUST,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:08-cv-00414** |
| **WILLIAM MANNING, JR.** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>ORDER</u>

CAME THIS DAY the parties on Lenoir County, North Carolina's Motion to Dismiss. Having considered the arguments submitted by the parties and it appearing proper to do so, the Court hereby GRANTS the Motion to Dismiss and ORDERS that this matter be DISMISSED and stricken from the docket.

ENTERED this _____ day of _____, 2008.

_____
United States District Judge