## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**DEFORRORORA LOCUST,**

**Plaintiff,**

v.

**WILLIAM MANNING, JR., ESQUIRE, THOMAS J. WHITE, JR., WILLIAM A. ALLEN, JR., WHITE & ALLEN, JOHN GRADY, LENOIR COUNTY, JOYCE GRADY, CITY OF KINSTON AND ELAINE MARSHALL,**

**Defendant.**

**CIVIL ACTION NO. 1:08-cv-00414**
**Judge Emmet G. Sullivan**

## DEFENDANT CITY OF KINSTON, NORTH CAROLINA'S MOTION TO DISMISS

**NOW COMES** Defendant City of Kinston, North Carolina ("Kinston"), by and through counsel, pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5) of the Federal Rules of Civil Procedure, and moves this Court to dismiss Plaintiff's action for lack of personal jurisdiction, improper venue, and for insufficiency of service of process. In support of this motion, Defendant Kinston files with this motion a Statement of Points and Authorities.

THIS THE *13*TH DAY OF ~~APRIL~~ *May*, 2008.

s//
**DWIGHT D. MURRAY**
**D.C. BAR NO. 228932**
**Attorney for Defendant City of Kinston**
**Jordan Coyne & Savits, LLP**
**1100 Connecticut Avenue, N.W.**
**Suite 600**
**Washington, D.C. 20036**
**PH:    202.296.4747**
**FAX:  202. 496.2800**
**d.murray@jocs-law.com**

s//
**ELIZABETH A. MARTINEAU**
**NC State Bar No. 26394**
**JOSEPH S. MURRAY, IV**
**NC State Bar No.  34123**
**Attorney for Defendant**
**HEDRICK,  GARDNER,  KINCHELOE**
**& GAROFALO, L.L.P.**
**P.O. Box 30397**
**Charlotte, NC  28230**
**PH:    (704) 366-1101**
**FAX:  (704) 366-6181**
**emartineau@hedrickgardner.com**

Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County,
Joyce Gra

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendant City of Kinston, North Carolina's Cotion to Dismiss, Statement of Points and Authorities, and proposed Order** was served upon all counsels and parties of record electronically:

| | | |
|---|---|---|
| Megan S. Ben'Ary | Kevin L. Newsome | Paul A. Kaplan |
| LeClairRyan | LeClairRyan | James W. Gladstone |
| 225 Reinekers Lane, Suite 700 | 999 Waterside Drive, Suite 2525 | Womble Carlyle Sandridge & Rice, PLLC |
| Alexandria, VA 22314 | Norfolk, VA 23510 | 1401 Eye Street, N.W., 7th Floor |
| *Counsel for Defendant Lenoir County.* | *Counsel for Defendant Lenoir County.* | Washington, D.C. 20005 |
| | | *Counsel for Defendants William E. Manning, Jr. and White & Allen, P.A.* |

And by depositing a copy of the same in an official depository of the United States Postal Service in a postage-paid envelope addressed as follows:

| | |
|---|---|
| DeForrorora Locust | Joyce Grady |
| 1410 Parker Avenue | Lenoir County Tax Department |
| Kinston, NC 28501 | 101 North Parker Avenue |
| *Pro se Plaintiff.* | Kinston, NC 28501 |
| | |
| John Grady | Elaine Marshall |
| Lenoir County Tax Department | Secretary of State of the State of North Carolina |
| 101 North Parker Avenue | P.O. Box 29626 |
| Kinston, NC 28501 | Raleigh, NC 27626 |

Upon information and belief, the following individuals are deceased and have not been served:

Thomas J. White Jr.
William A. Allen Jr.

This the B̲th day of ~~April~~ *May*, 2008.

s// **Dwight D. Murray**
Dwight D. Murray

Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Gra
122-00172 - Doc. No. 21

3

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEFORRORORA LOCUST,**<br><br>                                          **Plaintiff,**<br><br>**v.**<br><br>**WILLIAM MANNING, JR., ESQUIRE, THOMAS J. WHITE, JR., WILLIAM A. ALLEN, JR., WHITE & ALLEN, JOHN GRADY, LENOIR COUNTY, JOYCE GRADY, CITY OF KINSTON AND ELAINE MARSHALL,**<br><br>                                          **Defendant.** | **CIVIL ACTION NO. 1:08-cv-00414**<br>**Judge Emmet G. Sullivan** |

## DEFENDANT CITY OF KINSTON, NORTH CAROLINA'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

**NOW COMES** Defendant City of Kinston, North Carolina ("Kinston"), by and through counsel, and submits this Statement of Points and Authorities in support of its Motion to Dismiss.

### PRELIMINARY STATEMENT

On March 7, 2008, pro se Plaintiff Deforrorora Locust filed a 47-page handwritten complaint that deplores a variety of acts going back twenty years. At the heart of Plaintiff's lawsuit appear to be issues with real property located in the City of Kinston, Lenoir County, North Carolina, and his incarcerations in various penal facilities in North Carolina.

Despite its other short comings, the Complaint makes it very clear that all parties are located in North Carolina and that all actions or omissions complained of occurred in North Carolina. On the face of the Complaint, it is clear that this Court lacks personal jurisdiction over Defendant City of Kinston, this Court is the inappropriate venue for this lawsuit, and Plaintiff

fails to state a claim upon which relief can be granted. Finally, Plaintiff has failed to perfect service on Defendant Kinston.

## STATEMENT OF FACTS[1]

Plaintiff is a resident of Kinston, North Carolina, listing his address as 1410 Parker Avenue, Kinston, North Carolina 28501. (Cplt. 47.) Defendant City of Kinston is a political subdivision of the State of North Carolina, organized and operating under the laws of the State of North Carolina. Based on the Complaint, all other Defendants are located in North Carolina. (See cplt. 7–8.)

Plaintiff's main concern appears to revolve around two pieces of property, 1410 and 1412 Parker Avenue, Kinston, North Carolina 28501. Plaintiff alleges that he has legally owned and resided at the properties since 1989. (Cplt. 5.) The properties were previously owned by Sellie Locust until his death in 1989 or 1990. (Id. at 5 & 10.) Plaintiff alleges that Sellie Locust devised the property to Plaintiff through a will drafted by an attorney, Everett Wooten. (Id. at 5.)

Unfortunately for Plaintiff, in 1989 Sellie Locust discovered his long lost brother, Richard D. Locust (the Locust brothers were 104 and 89 years old respectively at the time of the reunion). (Cplt. 10.) Soon after reuniting, Richard Locust embarked on a convoluted scheme to deceive Sellie Locust into willing the properties to Richard Locust that was ultimately successful. (Cplt. 11, 13–15.) Plaintiff had documents that proved this fraud but Defendant Kinston, along with Defendant Lenoir, ransacked the properties and took deeds and wills that proved ownership of the properties. (Cplt. 17.)

---

[1] While the City of Kinston strongly opposes and disagrees with the alleged facts contained in Plaintiff's Complaint, for the purpose of a Motion to Dismiss, Defendant City of Kinston presents Plaintiff's alleged facts in the light most favorable to the Plaintiff.

Richard Locust passed away in 1993. (Cplt. 10.) Plaintiff lived at the properties even though Richard Locust held title through the fraudulent will and afterwards, even though it is unclear who the rightful owner of the properties was. (Cplt. 5.)[2]

Despite stealing all documents proving Plaintiff's ownership in the properties, Defendant Kinston pressed Plaintiff to sell the properties for the GTP project. (Cplt. 29.) When Plaintiff refused, Defendant City of Kinston had Plaintiff incarcerated from 1994 until 1999. (Cplt. 17.) These incarcerations were unlawful as no warrant was issued for Plaintiff's arrest or charges brought. (Cplt. 18 & 25.) Plaintiff was assaulted by police officers during some of the arrests. (Cplt. 18 & 25.) While in prison Plaintiff was inhumanly treated as he was beaten by a Caucasian prisoner to force Plaintiff to give up the properties. (Cplt. 27.)

Once Plaintiff was released from prison in 1999, he returned to find Wooten emptying the contents of the properties onto a U-Haul. (Cplt. 30.) When Plaintiff and his neighbors discovered Wooten in the midst of the theft, Wooten set fire to the properties. (Id.)

Plaintiff lived in peace at the properties over the next eight years until he was informed that the properties were under a tax foreclosure. (Cplt. 9.) Richard Locust never paid taxes on the property. (Cplt. 10.) Plaintiff attempted to pay the outstanding tax lien by mailing a "large payment." (Cplt. 9.) Defendant Lenoir returned Plaintiff's payment and directed him to discuss the tax and foreclosure issues with the County's attorney, Defendant William E. Manning, Jr. (Id.) Defendant Joyce Grady and Defendant Manning mailed materials regarding the outstanding taxes and the foreclosure proceeding to Plaintiff. (Id.) Plaintiff finds these documents and the tax and foreclosure proceedings to be "frivolous." (Id.)

Plaintiff seeks over a billion dollars in economic recovery and significant equitable relief.

---

[2] Despite Plaintiff's allegations throughout the complaint that he is the rightful owner, Plaintiff admits that Wooten is the secret owner of the properties. (Cplt. 29.)

## ARGUMENT

### I.    THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANT KINSTON.

Defendant Kinston is a landlocked political subdivision of North Carolina that has minimal, if any, contacts with the District of Columbia. Further, Plaintiff has not alleged one single occurrence that occurred in the District. Therefore, this Court lacks personal jurisdiction over Defendant Kinston.

Federal district courts can assert personal jurisdiction over defendants to the extent authorized by the state in which the court is located. See Fed. R. Civ. P. 4(k)(1)(A). Therefore, a plaintiff must show that personal jurisdiction is present under District of Columbia code and that said code does not offend constitutional due process. Johnson v. Long Beach Mortg. Loan Trust 2001-4, 451 F. Supp. 2d 16, 28 (D.D.C. 2006).

Once a defendant raises the issue of whether a court has personal jurisdiction over that defendant, the plaintiff has the burden of demonstrating that personal jurisdiction exists. Reuber v. United States, 252 U.S. App. D.C. 43 (D.C. Cir. 1986). The plaintiff must put forth specific facts to support the assertion of personal jurisdiction. Moore v. Motz, 437 F. Supp. 2d 88, 91 (D.D.C. 2006).

The District provides for two forms of personal jurisdiction: general jurisdiction and specific jurisdiction. Either form of personal jurisdiction extends to the limits of constitutional due process.

The District allows a court to exercise general personal jurisdiction over any defendant that is "domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia . . ." D.C. Code § 13-422. The test for determining if a defendant meets the requirements of Section 13-422 is whether the defendant's contacts with the

District are "continuous and systematic." <u>Gorman v. Ameritrade Holding Corp</u>, 293 F.3d 506, 509 (D.C. Cir. 2002). If the court has general jurisdiction under Section 13-422 any action may be brought against the defendant.

Specific jurisdiction is obtained through the District's long-arm statute, which allows personal jurisdiction over a claim that arises from a defendant transacting business in the District; contracting to supply services in the District; causing tortious injury in the District; whether the act or omission occurred inside or outside of the District; having a property interest in real property in the District; contracting to insure or act as surety within the District of Columbia, unless otherwise provided in writing; or certain family relationships. D.C. Code §13-423(a). If jurisdiction is obtained pursuant to Section 13-423, then only the specific claims for relief arising from the actions allowing jurisdiction may be adjudicated by District courts. <u>Id.</u> at §13-423(b).

In the District, personal jurisdiction extends "to the fullest extent permissible under the due process clause." <u>Mouzavires v. Baxter</u>, 434 A.2d 988, 990–991 (D.C. 1981). Due process requires that the defendant has engaged in a level of minimum contact with the jurisdiction to the point that the "suit does not offend traditional notions of fair play and substantial justice." <u>Gorman</u>, 293 F.3d at 509. The minimum contacts must be intentional by the defendant and confer the benefits and privileges of the jurisdiction. <u>Asahi Metal Industry v. Superior Court of California</u>, 480 U.S. 102, 109 (1987). Ultimately, a defendant has made sufficient contact with the jurisdiction when the defendant would "reasonably anticipate being haled into court" in the jurisdiction. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 (1980). When specific personal jurisdiction arises as a result of intentional minimum contacts, the litigation must be related to those contacts. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985) (citing <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984)).

A.     **The Complaint fails to allege that Defendant Kinston meets the requirements of District of Columbia Code section 13-422 to allow this Court to assert general personal jurisdiction.**

Plaintiff cannot assert specific facts that Defendant Kinston is domiciled in, organized under the laws of, or maintaining its principal place of business in the District. Therefore, this Court does not have general personal jurisdiction over Defendant Kinston.

Defendant Kinston is physically located in Lenoir County, North Carolina, and cannot physically move from its position in North Carolina.  This makes it impossible for Defendant Kinston to be domiciled in the District.

Defendant is a political subdivision of North Carolina that exists and is organized solely under the laws and grants of authorities of North Carolina; it is not and cannot be organized under the laws of the District.

Finally, since Defendant Kinston is located solely in North Carolina and is a political subdivision, it cannot have its principal place of business in the District.

General personal jurisdiction is not obtainable over Defendant Kinston in the District and, therefore, this Court does not have general personal jurisdiction over Defendant Kinston.[3]

B.     **The Complaint fails to allege any conduct in the District of Columbia that would allow this Court to assert specific personal jurisdiction.**

The allegations in Plaintiff's Complaint, from the dispute over ownership of real property in Lenoir County, North Carolina to various wrongful incarcerations to the tax foreclosure, all occurred in North Carolina. Further, Plaintiff has not alleged that any injury occurred in the District. It is ultimately unclear how an individual domiciled in North Carolina injured by actions occurring solely in North Carolina can support jurisdiction of this Court.

---

[3] Since Plaintiff cannot assert specific facts showing that the conditions of Section 13-422 are met, a discussion of the implications of due process is not required. However, even if Section 13-422 was met, due process would be offended as detailed *infra*.

Plaintiff has not alleged one action or injury that occurred in the District, thus preventing the District's long-arm statue from granting specific jurisdiction over Defendant Kinston. Even if this Court finds that the requirements of the District's long-arm statute are met, any grant of jurisdiction over Defendant Kinston by this Court would offend constitutional due process.

The Complaint fails to allege any fact that meets the specific standards of the District's long-arm statute. Section 13-423(a)(1) is inapplicable because Defendant Kinston does not transact business in the District. Defendant Kinston does not contract to supply services in the district and Section 13-423(a)(2) is inapplicable. No action has been alleged to have taken place in the District and Plaintiff suffered no injury in the District making Sections 13-423(a)(3) and (4) inapplicable. Defendant Kinston does not own real property in the District, it does not act as a surety, and it is incapable of being married or procreating, eliminating Sections 13-423(a)(5), (6), and (7) as potential jurisdictional "hooks."

Based solely on the requirement that the long-arm statute provides jurisdiction over the acts related to the jurisdiction, Plaintiff cannot show specific facts to support specific personal jurisdiction over Defendant Kinston.

Even ignoring Plaintiff's problems with Section 13-423, any assertion of specific personal jurisdiction over Defendant Kinston would violate constitutional due process. Defendant Kinston has not made sufficient contacts with the District that would place Defendant Kinston on notice that it could be haled into the United States District Court for the District of Columbia.

The cornerstone of due process is that a defendant intentionally established "minimum contacts" with the forum jurisdiction. <u>Burger King Corp.</u>, 471 U.S. at 471–72 (quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 319 (1945)). Thus if the defendant has engaged in significant activities in the forum jurisdiction or has created continuing obligations

between the defendant and residents of the jurisdiction, then the defendant has established minimum contacts. Id. at 475–76 (internal citations omitted).

Even if a defendant has minimum contacts with the forum jurisdiction, due process may still be offended if other factors would make specific personal jurisdiction be an affront to "fair play and substantial justice." Id. at 476. A court must also look at "'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" Id. at 477 (quoting World-Wide Volkswagen, 444 U.S. at 292).

Plaintiff's Complaint makes no allegations that Defendant Kinston has any contacts with the District. There are no allegations that Defendant Kinston has intentionally availed itself of the benefits and privileges of the District. It is a shock for Defendant Kinston to be haled into this Court; it had no reason to expect that this or any suit of its kind would be prosecuted in the District.

Even if minimum contacts are established, subjecting Defendant Kinston to personal jurisdiction in this Court offends the notions "fair play and substantial justice." Defendant Kinston will be unduly burdened to defend an action that arises from actions in North Carolina and is between North Carolina parties. North Carolina is where the actions occurred and parties are located, North Carolina's interest in adjudicating suits between its residents and political subdivisions outweighs any interest of this Court. North Carolina law regarding devising of property, taxation, and foreclosure of property will be involved in the adjudication of this claim. All witnesses and all records needed as evidence are in North Carolina. Judicial economy will not be served by requiring all parties, witnesses, and evidence to be hauled into this Court, over

300 miles from where the alleged actions occurred. Fair play and justice require that this action be adjudicated in North Carolina and would violate due process if continued in this Court by asserting specific personal jurisdiction over Defendant Kinston.

This Court has no connection to this lawsuit, other than it was incorrectly filed here. The parties are from North Carolina. The actions complained of occurred in North Carolina. Any injury occurred in North Carolina. The law of the District of Columbia and constitutional due process do not support personal jurisdiction over Defendant Kinston and to force Defendant Kinston to defend this lawsuit in this Court would offend every notion of fair play and justice. Therefore, Defendant Kinston respectfully requests that this action be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## II.    THIS COURT IS THE IMPROPER VENUE OR THIS MATTER.

Venue in this action is proper in

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2008).[4]

Venue is clearly proper in North Carolina and this Court should dismiss for improper venue. All of the defendants reside or are otherwise located in North Carolina.  All acts complained of in the Complaint occurred and the real property at issue is located in North Carolina. Based on the requirements of the federal venue statute, North Carolina is the proper venue for this lawsuit.

---

[4] Since all parties to this action are residents of North Carolina, the subject matter jurisdiction of this claim is based on standards other than diversity of the parties.

Because venue is improper, Defendant Kinston respectfully requests this Court to dismiss this action pursuant to Rule 12(b)(3).

## III.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

To the extent that Defendant Kinston can divine claims out of Plaintiff's Complaint, every claim but one is barred by the applicable statute of limitations. To the extent that Plaintiff has any claim that is not barred by statutes of limitations, it is the allegations regarding the tax foreclosure. However, Plaintiff has made no cognizable claim on this issue.

As an initial matter, this Court should apply North Carolina law to determine the applicable statute of limitations and state law claims. When determining which jurisdiction's law applies to a case, the District of Columbia uses the "substantial interest" test. Lamphier v. Washington Hosp. Ctr., 524 A.2d 729, 731 (D.C. 1987). The court is to "balance the competing interests of the two jurisdictions, and apply the law of the jurisdiction with the more 'substantial interest' in the resolution of the issue." Id. In making this determination, the court must consider "the place where the injury occurred"; "the place where the conduct causing the injury occurred"; "the domicile, residence, nationality, place of incorporation and place of business of the parties"; and "the place where the relationship is centered." Herbert v. District of Columbia, 808 A.2d 776, 779 (D.C. 2002) (quoting Restatement (2nd) of Conflict of Laws (1971) § 145(2)).

As discussed supra, every act or omission occurred in North Carolina, every injury complained of occurred in North Carolina, and all of the parties are located in North Carolina. It is clear that North Carolina is the center of where everything took place. North Carolina has the substantial interest in this lawsuit that far outweighs the District's interest.

The claims that Defendant Kinston can divine from Plaintiff's Complaint, other than the tax foreclosure, are:

Caveat to a Will: In North Carolina an individual with an interest in an estate may challenge the purported will by filing a caveat to the probate of the will. N.C. Gen. Stat. §31-31. The caveat must be filed within three (3) years from the probate of the will. Id.

False Imprisonment and Assault and Battery: In North Carolina an individual has three years to initiate action based on personal injury torts, unless otherwise provided by statute. N.C. Gen. Stat. §1-52(16).

Federal Civil Rights Actions: Federal civil rights actions "shall be exercised and enforced in conformity with the laws of the United States," or, if no law of the United States speaks to the action, in accordance with "the common law . . . and statutes of the State wherein the court having jurisdiction of such civil . . . cause is held, so far as the same is not inconsistent with" federal law. 42 U.S.C. 1988. The Supreme Court has found that Section 1983 claims are analogous to claims for personal injury and a state's "general or fallback" statute of limitations for personal injury should be used. Wilson v. Garcia, 471 U.S. 261, 265–66 (1985); Owens v. Okure, 488 U.S. 235, 249–50 (1989). In North Carolina the general personal injury statute of limitations is three (3) years. N.C. Gen. Stat. §1-52(16).

Conversion: An individual has three years to initiate suit for damages arising out of the taking or converting personal property. N.C. Gen. Stat. §1-52(4).

Other than the complaint regarding the tax foreclosure, Plaintiff has alleged no actions or omissions have occurred since 1999. Therefore, almost nine years have passed since the last date of an action or omission complained of by Plaintiff. Since all applicable statutes of limitations are for three years or less, Plaintiff, on the face of his Complaint, has failed to assert claims upon which relief can be granted.

As for the tax foreclosure, Plaintiff has not asserted a cognizable claim under any jurisdiction. Plaintiff's entire statements regarding the tax foreclosure are contained on page nine of his Complaint. They read, to the best of Defendant Kinston's understanding:

> During the year 2007 I mail in a large payment toward my property tax. A great time afterward I got in the mail the the return amount I mail for the tax back with a letter telling me the amount is being return to me because of the legal paper has been file in Court against me and I need to contact atty William E. Manning, Jr. with the Law firm of atty White & Allen of Kinston, NC.
>
> This was unreal so so unreal the frivolous pages to me from the Law firm enclose, with date material reached me.
>
> Joyce Grady Lenoir County supervisor I request material concerning some mail me copy of a letter she mail to Richard Locust [205S conrecing] tax Richard Locust never ever never even paid a cent, dollar, no nothing toward property 1410 & 1412 parker avenue, Kinston, NC.
>
> he never owner ship to such.

(Cplt. at 9 (due to the numerous grammatical errors, designations of such errors have not been placed).)

Based on Plaintiff's Complaint he was provided information by two Defendants on the foreclosure proceeding and what he could do to prevent the foreclosure. It appears Plaintiff took no further action on the foreclosure proceeding.

Plaintiff's narrative of facts fails to support any claim. Plaintiff has not alleged that the taxes were not due—in fact, his Complaint shows he understood that taxes were due and delinquent. Plaintiff has not alleged that the tax proceeding was being performed in an underhanded or unfair manner or that it violated established laws and regulations on tax foreclosures. Plaintiff has alleged only that he cannot believe what he received. Even if Plaintiff proves his allegations, he is not entitled to a recovery.

Plaintiff's Complaint asserts claims that are barred by the applicable statutes of limitations or fails to assert a claim upon which relief can be granted. Therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

## IV.    PLAINTIFF HAS FAILED TO PROPERLY SERVE DEFENDANT KINSTON.

In an attempt to obtain service on Defendant Kinston, Plaintiff rode in a taxi to Defendant Kinston's main office and deposited the summons and complaint in a cashier window. Plaintiff's attempted service fails since he personally served the pleadings and he served an individual who is not allowed to accept service under the Rules of Civil Procedure.

On March 17 or 18, 2008, an individual Defendant Kinston believes is Plaintiff pulled up in the back of a taxi to a payment window at Defendant Kinston's office. (Affidavit of Kathleen Mizzer, ¶2 & 5; attached as Exhibit A.) This individual then deposited the Summons and Complaint for this lawsuit in the deposit drawer and rode off. (Id. at ¶2.) Kathleen Mizzer was the cashier on duty at the time and received the Summons and Complaint. (Id. at ¶4.)

Ms. Mizzer's position with Defendant Kinston is Cashier. (Id. at ¶6.) She is not the chief executive officer, mayor, the city manager, or a clerk of Defendant Kinston. (Id. at ¶7.)

Service of process may be obtained by serving the summons and complaint upon the opposing parties by any person over the age of 17 and who is not a party to the lawsuit. Fed. R. Civ. P. 4(c). The summons and complaint must be delivered to the chief executive officer, mayor, city manager, or clerk of a local government. Fed. R. Civ. P. 4(c); N.C. Gen. Stat. §1A-2-4(j)(5).

By personally serving a cashier of Defendant Kinston a copy of the summons and complaint, Plaintiff has violated the Rules of Civil Procedure and failed to perfect service on Defendant Kinston. Plaintiff is a party to this action and cannot serve pleadings. The summons and complaint were served on an employee of Defendant Kinston who is not designated or

eligible to accept service under the Rules. As such, this action should be dismissed as to Defendant Kinston for insufficiency of process pursuant to Rule 12(b)(5).

## CONCLUSION

Based upon the foregoing, Defendant City of Kinston requests that this Court dismiss Plaintiff's Complaint.

THIS THE 13 TH DAY OF ~~APRIL~~ may, 2008.

s//

**DWIGHT D. MURRAY**
**D.C. BAR NO. 228932**
**Attorney for Defendant City of Kinston**
**Jordan Coyne & Savits, LLP**
**1100 Connecticut Avenue, N.W.**
**Suite 600**
**Washington, D.C. 20036**
**PH:     202.296.4747**
**FAX:  202. 496.2800**
**d.murray@jocs-law.com**


s//

**ELIZABETH A. MARTINEAU**
**NC State Bar No. 26394**
**JOSEPH S. MURRAY, IV**
**NC State Bar No. 34123**
**Attorney for Defendant**
**HEDRICK, GARDNER, KINCHELOE & GAROFALO, L.L.P.**
**P.O. Box 30397**
**Charlotte, NC  28230**
**PH:     (704) 366-1101**
**FAX:  (704) 366-6181**
**emartineau@hedrickgardner.com**

Elder Deforrorrora Complaint[1]

1

Hate crime, racist, bias, embezzment, conspiracy to deprive black folks being black peoples out of their land interfering their peace of mine.  Conspiracy to coverup the conspiracy and other obstruction of justice and being of alds using their job position to continue the hate crime to cover up the many many violation and so many other will be file false arrest to coverup criminal acts by alds, seting home afire, stealing 2 uhaul trucks load of furniture after out of home.  1410 parker avenue and one uhaul [6 whell] truckload of furniture out of 1410 parker avenue, assualt selling two car selling househole items, and other to be file in the hate crime and <u>violation of civil and constitution right to [total] all Defendants</u> are again clearly [lisit] all fileing is again within the rules regulations for fileing in such legal federal court in the USA.

2

[_____] before the Court be one of a male over the age of 18, being born free is therefore of good sound mine is [than] by lawfully standard is a man.

legally and Lawfully fileing within the District of Columbus, Washington D.C. US federal court by means of paying fileing fee together with alds name address and their causes of violations with Claim.

Alds has been serve their copy of the law suit being all enclose to all print clearly to be understood in which ald are aware of the facts before they got or gotten their copy due to alds has been told over the years federal legal action would be file against them for their racist bias violation discrimination alds are well aware.

3

---

[1] All words in brackets are approximations for indecipherable words in the complaint.
Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Gra

122-00172 - Doc. No. 20

the state of North Carolina has a policy for property owner ownership being so one who own property must pay taxes and have a will + Deed of ownership to the property one own, the will leave the property to another person once [heror] she is dead once the person died or dead. The owner will than is dead showing property belong to who ever legally, and lawfully will to, as long as the person leaving the property to another is of his or her right and good sound mine having clear understanding of his or her doing at the time.

    once the will has been made notorize, notary legally the will is than put in to a white envelope large white envelope given to clerk who is man state desk who and for fileing will in the County of the courthouse in which the will is being file to show owner ship once the person fileing the will is Dead. Then the will show who will be or become owner of property.

4

one has to have witness to the sign of their his or her will and has to have will legally lawfull stamp seal by a person license lawfully to do so for the will to be lawfully and legally in order to be so if all is than done so the name ones, or one new will has be will to [once] person made the will has pass away gain than by law owner new has to total except all responsibility of maintenance, up keep, paying taxs of property. As file early other enclose page and will become Deed because passing of owner will than goes into Deed record of County Courthouse to prevent state from becoming owner of property due to one passing without leaveing a will. By leaveing a will that prevent false frivolous will from claiming be file and at any time one who is legally and lawfully the owner property has been will or Deed to he or she discover there has been a false or frivolous false worthless will then the person whom who property was lawfully legally will to has the legal right to dispute the frivolous will.

5

Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Gra

2

122-00172 - Doc. No. 20

If than no other ever claim such then legal owner own property and must again maintain upkeep tax paid as again and therefore that [onear tur] owner are legally lawfully owner.

Elder Deforrorrora Locust since 1989 has been and remain being legally lawfully owner of two property location 1410 + 1412 parker avenue Kinston north Carolina 28501, the two property has a hose one each property.

the two property was legally and lawfully will to Elder Deforrorrora Locust by the owner of both Mr. Sellie Locust Mr. Sellie Locust 1989 in the office of [Whelly] & Wooten, attorney, Everett Wooten made the will in the front of Mr. Sellie Locust and Elder Deforrorrora Locust and two sister of Mr. Sellie Locust again in 1989.

Mr. Sellie Locust also gave each of his sister a copy of the will having 3 sister at the time.  One who was 101 yr old, Mr. Sellie Locust age at the time 104 enclose in his right mine.

6

Mr. Sellie Locust also gave Elder Deforrorrora Locust a copy of the will showing he Elder Deforrorrora Locust would be the owner of the property and all that belonging of that of Mr. Sellie Locust once the passing of he Mr. Sellie Locust.  The [atty] ask [covering] Elder Deforrorrora Locust name he ask what type or kine of name is that and ask of Elder Deforrorrora Locust how did you that that name, + Elder Deforrorrora Locust never answer telling him.

all family member of the Locust family clearly was aware of the will property will to clearly understood.  [start] property became that of who will to was clearly.

once the city of Kinston, North Carolina North Carolina realize the value of the property the pages folling clearly show the purpose for the law suit.

7

defendant are as list

Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Gra

122-00172 - Doc. No. 20

3

White & Allen PA

1. William E. Manning, Jr. Attorney
   106 South Mclewean Street
   Kinston, NC  28502-3169

2. Thomas J. White, Jr.

3. Wm. A. Allen, Jr.
   Wm. A
   the
   Office phone 252/537-8000


   White & Allen, PA
   P. O. Box 3169
   Kinston, NC  28502-3169

   All White & Allen
   William E. Manning, Jr.
   106 S. Mclewean St.
   Kinston, NC

8

Joyce Grady and
Lenoir County
101 N. Queen Street
Kinston, NC 28502

Joyce Grady is office supervisor
For Lenoir County Department
Tax Office

City of Kinston
207 E. King Street
Kinston, North Carolina 28502

Elaine f. Marshall
Secretary of State 29
P. O. Box 29626
Raleigh, NC 2762605626

9

<u>During the year 2007</u> I mail in a large payment toward my property tax.  A great time afterward I got in the mail the the return amount I mail for the tax back with a letter telling me the amount is being return to me because of the legal paper has been file in Court against me and I need to contact atty William E. Manning, Jr. with the Law firm of atty White & Allen of Kinston, NC.

This was unreal so so unreal the frivolous pages to me from the Law firm enclose, with date material reached me.

Joyce Grady Lenoir County supervisor I request material concerning some mail me copy of a letter she mail to Richard Locust [205S conrecing] tax Richard Locust never ever never even paid a cent, dollar, no nothing toward property 1410 & 1412 parker avenue, Kinston, NC. he never owner ship to such.

10

Richard Locust pass 1993 Death Richard D. Locust Death 1993 age 94 never paid tax on two property never own either never, never, since the passing of Mr. Sellie Locust 1990 age 105 year of age aware of himself in his right mine, never never never ever left a will to Richard D. Locust of Durham, North Carolina.

Be clearly understood Richard D. Locust pass 1993 age 94 never ever own 1410 or 1412 nor even paid tax on neither or either pass without leaveing any at all children.  Richard D. Locust live in Durham, North Carolina never live at parker avenue property, nor paid any tax nor Did he ever have any children.

He was the Brother of Mr. Sellie Locust.

Once Richard D. Locust discover his brother in 1989 at the time Mr. Sellie Locust age 104 left him Richard D. Locust nothing, being told by Wotten & [Whally], same law firm made the will

11

for Mr. Sellie Locust contact Mr. Richard D. Locust in Durham, North Carolina telling Richard Locust his brother will return property to Elder Deforrorrora Locust. Richard D. Locust than got the owner of Albritton-Carroway Funeral Home owner since 88. [I think] Carroway and wife finally purchased the funeral home [after year of management]. The deal was Stephen Carroway pretend to be Mr. Sellie Locust insurance agency so Stephen Carroway told Mr. Sellie Locust he had some paper for him Mr. Sellie Locust to sign. This was one Sunday morning october the exactly day because Elder Deforrorrora Locust live with Mrs. Sellie Locust + during the 89 until Mr. Sellie Locust passing therefor Elder Deforrorrora Locust and a sister of Mr. Sellie Locust was at the house that Sunday morning again a Sunday morning.

13

The phone rang about 10 am sunday morning October 89 a female cousin name Gerdine Locust was the caller. She call to say she was bring cousin Sallie some soup and her friend was bring her that was unusually because Gerdine Locust had her own automobile Chevrolet station wagon small station wagon brown age in her late 80 own property and she had plenty plenty money. Stephen Carroway was her lover. Stephen Carroway Gerdine Locust was lover. She was in her 80 years Stephen Carroway has a wife. Richard Locust promise Stephen Carroway if he get his brother Mr. Sellie Locust to sign the paper by way of Defraud or fraud mean than once Mr. Sellie Locust pass than he Stephen Carroway would get the body of Mr. Sellie Locust for his funeral, and Stephen Carroway did just that got Mr. Sellie Locust body Mill Funeral Home was then cross the 4 lane high way other side of the street from each other.

14

once the passing mill funeral home was call because mill funeral home was the ones to handel the funeral for the wife of Mr. Sellie's the family at the desire and wish of Mr. Sellie Locust was to use mill funeral home plus Mr. Mill owner of the mill family funeral home was and is a friend of Mr. Sellie Locust a visit pal he often visit Mr. Sellie Locust many many years.

mill funeral home was call to obtain the body of Mr. Sellie Locust but one Richard D. Locust in Durham got the call the passing of brother Mr. Sellie Locust and told mills funeral home was the funeral home in charge.  Than he Richard D. Locust at his Durham, North Carolina home contact Stephen Carroway to obtain the body of Mr. Sellie Locust from the mill funeral home only about a block or two wide from each other.  Stephen Carroway did just that, obtain Mr.  Sellie Locust body.

15

Stephen Carroway III notary had notarized his notary had expired date ran out no good also he had Curley Lofton a witness.  Curley Lofton was then the secretary for albritton Carroway funeral home.  Curley Lofton has never never ever been in the home of 1410 or 1412 property avenue in his life never never never had his foot, feets in the home again of 1410 or 1412 nor was Curley Sutton with Stephen Carroway or Gerdine Locust that sunday morning October 1989.  Stephen Carroway forgot I was as usually at 1410 parker avenue again Sunday morning plus Mr. Sellie Locust sister was at the house getting Mr. Sellie Locust meal ready for him to eat at 12 o'clock.  Carroway forgotten that so the lie about witness support is a total lie.  Curley Lofton name was on the will as a witness he wasnit at the home that Sunday morning his name again was on the [forge] will.

17

Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County,
Joyce Gra
122-00172 - Doc. No. 20

7

Is have him to court file, jail file, prison record showing prison, jail <u>I have unlawfully unwilling</u> <u>to have been unlawfully unwilling incarcerated starting 1994 to 1999 all because the City of</u> <u>Kinston</u> personnel of the County personal of Lenoir County was ramshacking search and taken item out of my home he saw how my tax file was taken.  Deed paper will was discuss clearly proven, property belong to me Elder Deforrorrora Locust by seeing tax been only paid be me since the passing of Mr. Sellie Locust and other proven the same.  He made all all all he could do to prove because some witness are dead he tried his best saying, well he died or she dead some of my witness untile I ask him to leave my home right now get out of my home.  March 20 04

18

To close the lies of the secretary of state office I furnish paper from court file record as well as every enclose jail incarceration, prison record enclose me being incarcerated 1994.  [take] Lenoir County jail Kinston 5-24-95 – 6-24-96 Lenoir County 3-15-97.

3-19-99 Raleigh, North Carolina central prison and these enclose isnt all the jail + prison Lenoir County and the City of Kinston personal unlawfully and willfully had me Elder Deforrorrora Locust incarcerated never never never ever did I Elder Deforrorrora Locust ever a issue a warrant for arrest.  At my home 1997 in front of the Lenoir County courthouse directly in front of the Lenoir County Kinston courthouse I was getting out of my 4 door 1976 98 Oldsmobile.  Officer came out of courthouse two caucain male Deputy drag me out of my car assault me incarcerated me in Green County Snow Hill, North Carolina Jail 6-1997 untile September 13 1997 release no charge no bond no nothing.

19

I again ask the man to get up and get out of my house right now.  He than said I am trying to help you after I enform him that he only come to my home 1410 parker avenue only to prevent me

Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Gra
122-00172 - Doc. No. 20

8

Elder Deforrorrora Locust a lie to prevent law suit against alds.  He left again while at my home he did everything I mean every he could do to try to cover up for Carroway, Wooten, Whitley the county, the city.  I gave him name of family member address he could contact and other people he could contact he never [even] contact anyone said he did not need any other witness so he would not except those name would except them name, address, so he had all he need.  The letter dated to me march 16 20004 is a scam, Elane f. Marshall cover up scam using the US mail to fraud + defraud total a fraud scam.  Page 17

25

Arrested March 19-1999 at my home 1410 parker avenue with my pajama on [am] time beaten beaten beaten to the arms, legs, and other part of my body by two Lenoir county caucain deputy male, no change.  No warrant no no nothing taken to Lenoir County Kinston jail from 3-19-99 untile April 1-99.  Told get my thing I was going home walk out of the cell into the Lenoir County Sheriff Dept. only to be put into leg iron changes leg iron both leg ankles both rist [they] hook to my waste transfer to central prison Raleigh, North Carolina no charge no warrant no nothing from April-2-99 to may 28-99 central prison file show arrested 3-19-99 [release] is a lie arrested Kinston 3-19-99

April 1-99 transfer Raleigh cell 18 18 murder 18 some kill two peoples I had no bond, no warrant no nothing from Kinston or central prison

26

later I obtain papers saying I was incarcerated Raleigh central prison to remain there central prison Raleigh untile I Elder Deforrorrora Locust agree to leave my home 1410 parker avenue Kinston.  I never agree to because I bough legal action against central prison the US District

Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Gra

9

122-00172 - Doc. No. 20

court clerk in Raleigh, North Carolina clerk office Defraud me out to the fileing fee pretending I never paid fee which I paid.

Because a caucain male in central prison assault me while I was going to put trash into a trash bag about 20 to 25 feet from the cell after that Black Beat the caucain male beat him down did Black male

Now other Black prison official got invole upset than Kinston was call to come get Elder Deforrorrora Locust.  Thay happen Call made 5-28-99 Kinston came I was release

27

Beaten by caucain male early but prison official and inmate beganing takin action after beating the caucain got no release.  Kinston was call day later.  Because I was beaten let me be clearly understood Lenoir County personal told the prison official in Raleigh North Carolina to put Elder Deforrorrora Locust in dangerous condition untile he agree to leave his parker avenue Kinston home the prison official show the material to Elder Deforrorrora Locust material was fax to prison official.

I stayed in a cell only 4 feet only 4 feet wide 9 feet long from April to May 28 99 because all inmate total 24 with me in the [cell] 18 murder so in prison I was told stay in the cell 24 hour. I come out for nothing

April to May the day I was assualted cell door was open for me to put trash in trash bag

First time that ever happen because cell stayed lock

Day and night total

28

Taken to jail Kinston from prison get home that day house broken into atty Dal f. Wooten Incarcerated Kinston jail

Several time 1995 with prison Goldsboro, NC

[new] prison

Greenville, NC Jail

Over 90 days 1994

Because Dal f. Wooten Lenoir County City personal from 1994 untile May 28-99 finally found copy of my will, all finally all tax I had paid.

So [now] atty Dalf Wooten, Kinston official county official got got my will.  Tax record I have paid now here come total fraud

Total take my property all these record false incarceration was sham to the person from secretary of state office at my home

29

Kinston + county personal start in 1994 have ask ask ask me to sell the city of Kinston my two property.  I have refuse refuse to sell ever ever.  So I was incarcerated will destroyed from courthouse replace will for other one on [+ on] every time I come home I had to pay tax year back.  Dalf Wooten is the secret owner of my two property.  All charge against me once I was release all file show [charge] file have Elder Deforrorrora Locust incarcerated file by atty Dalf Wooten caucain male homosexual.  Secretary of state saw all

Because of the so call GTP GTP to be build and a new school to be build the county and city want my property.  Dalf Wooten secretly own my property.

30

Atty Dal F Wooten attorney came to 1410 parker avenue from 1994 to May 1999

uhaul truck take take take item out of house 1410 & 1412 parker avenue home.

Neighbor call call law law personal come do nothing over over nothing nothing

I call call call once I get out of jail, prison law come never never do anything Dal F Wooten set the property 1410 on fire

I was incarcerated

Police came did nothing

43

Sough of the court

against alds enclosing following

William E. Manning Jr. Atty
The amount of 75 million dollars and he never ever have a law license in America ever again and state and federal charge be file and enforce against him and that he turn his law license to practice law license be turn to me Elder Deforrorrora Locust within the time no long than 30 day no longer.  If longer than 30 day every day after 30 day he William E. Manning Jr. to pay Elder Deforrorrora Locust the amount of $1,000 a day untile William E. Manning, Jr. [_____ _____] once license turn to Elder Deforrorrora Locust until turn the law license to the North Carolina state bar Raleigh, NC 27602

44

against the city of Kinston, North Carolina

The amount of 9 hundred and 99 million dollars and the city lose it charter and no longer has a charter again to be a city and loses all total all fund be drop that from the city due to be it no longer a city.  All all city fund be discontinue from the city of Kinston and amount of money be paid to Elder Deforrorrora Locust within no longer than time of 30 day.  If so any longer amount of 5 thousand dollars be paid a day to Elder Deforrorrora Locust every day untile the amount fileing for in the fileing is paid and all done as fileing.

45

Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Gra
122-00172 - Doc. No. 20

12

against the County the amount of 99 million dollars and all total all all all federal funding be discontinue the GTP all all federal funding be discontinue Stop total no more federal funding or state funding be given to the GTP in Kinston, North Carolina and all in the fileing be done within 30 days no longer if money not paid to Elder Deforrorrora Locust than the County of Lenoir County pay the amount of 7 thousand dollar a day to Elder Deforrorrora Locust a day untile all money and other fileing has been done.

46

Joyce Grady and Tax Department

The amount of 121 million dollars and Joyce Grady be remove total from the tax office Department and criminal charges be file against Joyce Grady and that money be paid within 30 day and any not paid within 30 day untile all paid.  The amount of 6 thousand dollar a day be paid untile all been done

47

against

Thomas J. White atty

The amount $100.00 thousand dollar and he turn license license to Elder Deforrorrora Locust within 30 day

[License] will then be turn to North Carolina State Bar By Elder Deforrorrora Locust

If license and amount of money hasnt paid and Mr. White pay 6 thousand dollars a day to Elder Deforrorrora Locust to all is done he no longer obtain a law license in USA again

Elder Deforrorrora Locust
1410 Parker Avenue
Kinston, nc  28501

2-7-08
47 page

Locust, DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Gra

122-00172 - Doc. No. 20

13

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
1:08-CV-00414

DEFORRORORA LOCUST,

Plaintiff,

v.

WILLIAM MANNING, JR., ESQUIRE,
THOMAS J. WHITE, JR., WILLIAM A.
ALLEN, JR., WHITE & ALLEN, JOHN
GRADY, LENOIR COUNTY, JOYCE GRADY,
CITY OF KINSTON AND ELAINE
MARSHALL,

Defendant.

**AFFIDAVIT OF KATHLEEN
MIZZER**

**KATHLEEN MIZZER**, being duly sworn, being competent to testify and having personal knowledge of the matters stated herein, says and alleges as follows:

1.    I am a legal adult over the age of 21 and competent to testify regarding the statements made herein.

2.    On or about March 17, or 18, 2008, a male pulled up to the cashier window of the City of Kinston in a taxicab and deposited documents in the cashier drawer.

3.    These documents were entitled Summons and Complaint for the lawsuits captioned DeForrorora Locust, v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Grady, City of Kinston and Elaine Marshall, filed in the United States District Court for the District of Columbia, case number 1:08-CV-00414.

4.    I was the cashier for the City of Kinston on duty at the time and received the documents titled Summons and Complaint.

5.    Upon information and belief, the individual in the back of the taxi was DeForrorora Locust.

Locust. DeForrorora v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady Lenoir County,
Joyce Gra
122-00172 Doc. No. 26

04/28/2008 14:23 FAX 1 704 319 5435     HEDRICK GARDNER    ☑003/003

6. My official title with the City of Kinston is Cashier.

7. I am not and have never been the Mayor of the City of Kinston, City Manager of the City of Kinston, Chief Executive Officer of the City of Kinston, or the Clerk of the City of Kinston.

FURTHER, Affiant sayeth naught.

This the _28th_ day of _April_ , 2008.

KATHLEEN MIZZER
Affiant

_LENOIR COUNTY_ County, North Carolina

Signed and sworn to before me this day by _Kathleen Mizzer_.
(name of principal)

Date _04/28/08_

Notary Public

Official Seal

My Commission Expires _June 7, 2010_

Locust, DeFontorem v. William Manning, Jr., Esquire, Thomas J. White, Jr., William A. Allen, Jr., White & Allen, John Grady, Lenoir County, Joyce Gra
122-00172 Doc. No. 26

2

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEFORRORORA LOCUST,** | |
| **Plaintiff,** | |
| **v.** | |
| **WILLIAM MANNING, JR., ESQUIRE, THOMAS J. WHITE, JR., WILLIAM A. ALLEN, JR., WHITE & ALLEN, JOHN GRADY, LENOIR COUNTY, JOYCE GRADY, CITY OF KINSTON AND ELAINE MARSHALL,** | **CIVIL ACTION NO. 1:08-cv-00414**<br>**Judge Emmet G. Sullivan** |
| **Defendant.** | |

## ORDER

THIS MATTER is before the Court upon motion by Defendant, City of Kinston, North Carolina ("Kinston"), to dismiss this matter pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5) of the Federal Rules of Civil Procedure.

It appearing that Plaintiff has failed to alleged specific facts supporting that this Court has personal jurisdiction over Defendant Kinston, that this Court is the proper venue for this matter, and that Plaintiff properly issued service of process; therefore, grounds exist to dismiss Plaintiff's claim and that the motion should be granted for good causes shown;

It is therefore ORDERED, ADJUDGED, and DECREED that the action of Plaintiff, **DEFORRORORA LOCUST**, against Defendant Kinston, be dismissed without prejudice.

This the _____day of _____, 2008.

_____
**United Stated District Court Judge
Emmet G. Sullivan**